## IN THE UNITED STATES BANKRUPTCY COURT
## FOR NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **IN RE:** | CASE NO. **20-51710-amk** |
| MASTER AUTO, LLC | CHAPTER 7 |
| Debtor | JUDGE ALAN M. KOSCHIK |
| | **STATE OF OHIO, DEPARTMENT OF TAXATION'S RESPONSE TO DEBTOR'S OBJECTION TO CLAIM** |

Now comes the State of Ohio, Department of Taxation ("ODT"), by and through special counsel, and hereby responds to Debtor's Objection to Claim ("Objection")(ECF Doc. No. 34). Debtor's objection must be summarily denied because Debtor lacks standing to object to ODT's claim. Even if the Debtor did possess standing to pursue its objection, Debtor has not presented sufficient grounds for disallowance of ODT's claim.

"The general rule is that a debtor in a Chapter 7 case does not have standing to object to a proof of claim." *In re Dinoto*, 576 B.R. 835, 838 (Bankr. E.D. Mich.2017). "In fact, almost every court that has dealt with the issue of a Chapter 7 debtor's standing to object, has held that unless there is going to be a surplus, debtors do not have standing to object to a proof of claim." *Id.* quoting *United States v. Jones*, 260 B.R. 415, 418 (E.D.Mich.2000). See also *In re Underwood*, 583 B.R. 438, 441 (Bankr. E.D. Mich.2018) (Chapter 7 Debtor's objection to Trustee Sale Motion overruled on grounds that Debtor did not have standing to pursue objection as there was no possibility of surplus). This is because without a surplus, there will be no distribution to the Debtor and Debtor therefore possesses no pecuniary interest in the reduction of the claim. *Dinito at 838; Jones at* 418; *In re I & F Corp.*, 219 B.R. 483, 484 (Bankr.S.D.Ohio 1998); *In re Woods*, 139 B.R.



AMER CUNNINGHAM
CO., L.P.A.
One Cascade Plaza
Suite 1510
Akron, Ohio 44308
Telephone
330.762.2411
Facsimile
330.762.9918
www.amer-law.com

1

876, 877 (Bankr. E.D. Tenn.1992). Further, to demonstrate standing, "the [D]ebtor cannot simply claim that there is a theoretical chance of a surplus in the estate, but must show that such surplus is a reasonable possibility." *Dinito* at 838 quoting *Simon v. Amir (In re Amir)*, 436 B.R. 1, 10 (6th Cir. BAP 2010). "The Debtor has the burden of demonstrating such a reasonable possibility of a surplus." *Id.*

Any possibility of surplus to the estate at this stage of the bankruptcy and with the information presented is merely theoretical. To date, ODT has the only filed claim. However, there is no indication that potential creditors have been given notice of assets and the possibility of a dividend in this case pursuant to Rule 3002(c)(5). Further clouding the matter, in both the Voluntary Petition (ECF Doc No. 1) and a subsequently filed Summary of Assets and Liabilities (ECF Doc No. 30) the total liabilities are listed as "Unknown." With the liability half of the distribution equation unknown, Debtor has not shown a possibility, reasonable or otherwise, of a surplus and therefore that it possesses the necessary pecuniary interest for objecting to ODT's claim.

Even if the Debtor were to possess standing to pursue its objection, Debtor has not presented sufficient grounds for disallowance of ODT's claim. A properly executed proof of claim constitutes prima facie evidence of the validity of the claim. 11 U.S.C. § 502(a); Fed.R.Bankr.P. 3001(f). Only when a party filing an objection demonstrates some ground for disallowance does the burden shift to the claimant to demonstrate the validity of its claim. *In re Parrish*, 326 B.R. 708, 719 (Bankr.N.D.Ohio 2005); *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir.1992). An Ohio tax assessment is also presumptively valid, and the taxpayer bears the burden of showing in what manner and to what extent the assessment is incorrect. *Global Knowledge Training, L.L.C. v. Levin*, 127 Ohio St.3d 34, 37, 936 N.E.2d 463, 467 (2010) (internal marks omitted); *See Raleigh*



AMER CUNNINGHAM
CO., L.P.A.
One Cascade Plaza
Suite 1510
Akron, Ohio 44308
Telephone
330.762.2411
Facsimile
330.762.9918
www.amer-law.com

*v. Illinois Dept. of Revenue*, 530 U.S. 15, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000) (burden in bankruptcy court same as applicable state law).

Contrary to Debtor's characterization, the assessments included in ODT's claim are the result of the applicable laws and reporting requirements of the State of Ohio, not assumptions. Debtor is the holder of Vendor's License no. 77-198944. As the holder of an active vendor's license, Debtor is required to file monthly sales tax returns regardless of whether sales were made during that period or the business was operating. O.R.C. § 5739.12(A)(1). Debtor failed to file the required returns and estimated assessments were issued pursuant to O.R.C. § 5739.13(A). The assessments became final and interest and statutory charges were added pursuant to Ohio law.

If Debtor's business had in fact ceased operation and Debtor no longer wished to comply with the filing requirements associated with holding an active vendor's license, the appropriate action would have been to timely file any appropriate returns, along with a final sales tax return, and cancel the vendor's license. Debtor's mere assertion that the business ceased operations in June, 2019 is insufficient, both as a basis for failing to comply with the requirements of Ohio law and as a basis for disallowing any part of ODT's claim.

For all the above reasons, Debtor's objection should be denied without any review of the merits of the objection. If the Court decides to review the merits of the objection, the State of Ohio, Department of Taxation would, for the above reasons, respectfully request that Debtor's objection be denied.



AMER CUNNINGHAM CO., L.P.A.
One Cascade Plaza
Suite 1510
Akron, Ohio 44308
Telephone
330.762.2411
Facsimile
330.762.9918
www.amer-law.com

Respectfully submitted,

 */s/ Joshua Vaughan*
Joshua Vaughan (#0090535)
Amer Cunningham Co., L.P.A.
One Cascade Plaza Suite 1510
Akron, OH 44308
Ph: 330-762-2411

3

Fx: 330-762-9918
jvaughan@amer-collect.com
*Special Counsel for State of Ohio Attorney General*

### *CERTIFICATE OF SERVICE*

I certify that on March 22, 2021, a true and correct copy of the foregoing was served:

Via the court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

| | | |
|---|---|---|
| **Akron Auto Auction Inc.**<br>*(Creditor)* | represented by | **Duriya Dhinojwala**<br>ddhinojwala@bmdllc.com |
| | | **Deborah L. Koral**<br>deborah@korallaw.com |
| **Harold A. Corzin**<br>hcorzin@csu-law.com<br>*(Trustee)* | represented by | **Michael J. Moran**<br>mike@gibsonmoran.com |
| **Master Auto, LLC**<br>rotana18@gmail.com<br>*(Debtor)* | represented by | **Mark Franklin Graziani**<br>mark_graziani@yahoo.com |

*/s/ Joshua Vaughan*
*Special Counsel to the State of Ohio Attorney General*



AMER CUNNINGHAM
CO., L.P.A.
One Cascade Plaza
Suite 1510
Akron, Ohio 44308
Telephone
330.762.2411
Facsimile
330.762.9918
www.amer-law.com